1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY D. CARNEVALI,<br><br>            Plaintiff,<br><br>        v.<br><br>PALMETTO WEST TRADING COMPANY, LLC,<br><br>            Defendant. | Case No.  C05-345JLR<br><br>AMENDED ORDER SETTING<br>TRIAL AND RELATED DATES |

| | |
|---|---|
| **TRIAL DATE** | **October 3, 2006** |
| Reports from expert witnesses regarding <u>Markman</u> issues due | December 30, 2005 |
| Rebuttal expert reports regarding <u>Markman</u> issues due | January 30, 2006 |
| Parties exchange proposed terms, claim elements and preliminary claim chart | February 6, 2006 |
| Joint claim chart due | February 20, 2006 |
| Opening claim construction briefs due (24 pages per side) | March 6, 2006 |
| Responsive claim construction briefs due (24 pages per side) | March 20, 2006 |
| <u>Markman</u> hearing                                     at 1:30 p.m. on | April 3, 2006 |
| Reports from expert witnesses under FRCP 26(a)(2) due | March 21, 2006 |
| Rebuttal expert reports due | April 22, 2006 |
| All motions related to discovery must be noted on the motion | |

        calendar no later than the Friday before discovery closes
        pursuant to CR7(d)(3) or CR37(a)(2)(B)

MINUTE ORDER SETTING
TRIAL AND RELATED DATES - 1

| | |
|---|---|
| Discovery completed by | June 1, 2006 |
| All dispositive motions must be filed by and noted on the motion calendar no later than the fourth Friday thereafter (see CR 7(d)) | July 7, 2006 |
| Settlement conference per CR 39.1(c)(2) held no later than | August 2, 2006 |
| Mediation per CR 39.1(c)(3) held no later than | August 23, 2006 |
| All motions *in limine* must be filed by and noted on the motion calendar seven judicial days thereafter pursuant to CR7(d)(2) | September 4, 2006 |
| Agreed pretrial order due | September 22, 2006 |
| Pretrial conference to be scheduled by the court | |
| Trial briefs, proposed voir dire questions, proposed jury instructions, and trial exhibits due | September 22, 2006 |
| Length of Jury Trial:      6  days | |

These dates are set at the direction of the court after reviewing the joint status report and discovery plan submitted by the parties.  All other dates are specified in the Local Civil Rules. If any of the dates identified in this order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.  These are firm dates that can be changed only by order of the court, not by agreement of counsel or the parties.  The court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause.

If the Markman hearing or trial dates assigned to this matter create an irreconcilable conflict, counsel must notify Ms. Casey Condon, the deputy clerk, at 206-370-8520 within 10 days of the date of this order and must set forth the exact nature of the conflict.  A failure to do so will be deemed a waiver.  Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

## CLAIM CONSTRUCTION PROCEDURES

The following procedures shall apply to all patent claim construction issues:

MINUTE ORDER SETTING
TRIAL AND RELATED DATES - 2

1

<u>Asserted Claims and Preliminary Infringement Contentions</u>

2       A party claiming patent infringement will serve on all parties a statement of the Asserted

3  Claims and Preliminary Infringement Contentions, which will include the following information:

4  (1) the identity of each claim of each patent alleged to be infringed; (2) the identity of the

5  opposing party's accused device/method/etc. by specific name/model number/etc. for each claim

6  asserted; (3) a chart that identifies specifically where each element of each asserted claim is

7  found within each accused device/method/etc.; (4) whether each element is literally or

8  equivalently infringed; and (5) the priority date to which each asserted claim allegedly is

9  entitled, if priority is an issue.

10

<u>Preliminary Invalidity Contentions</u>

11       A party opposing a claim of infringement on the basis of invalidity shall serve on all

12  parties a statement of its Preliminary Invalidity Contentions including: (1) the identity of prior

13  art that allegedly anticipates each asserted claim or renders it obvious; (2) whether each piece of

14  prior art anticipates or renders obvious the asserted claims; (3) a chart that identifies where in

15  each piece of prior art each element of each asserted claim is found; and (4) any grounds for

16  invalidity based on indefiniteness, enablement, or written description under 35 U.S.C. § 112.

17

<u>Expert Reports</u>

18       If the parties wish to present expert testimony at the claim construction hearing, the

19  parties will disclose expert reports related to claim construction by the date established in the

20  Scheduling Order.  Rebuttal expert reports will be exchanged 30 days later.  These dates do not

21  affect the more general expert report deadlines included in this Scheduling Order.

22

<u>Proposed Terms and Claim Elements and Preliminary Claim Chart</u>

23       At some point prior to the formulation of the preliminary claim chart, the parties will

24  exchange a list of Proposed Terms and Claim Elements, which will include each term that each

25  party contends the court should construe.  Each party will also identify any claim element that it

26

MINUTE ORDER SETTING
TRIAL AND RELATED DATES - 3

1  contends should be governed by 35 U.S.C. § 112(6) as a means-plus-function element.  The

2  parties will then meet to identify terms in genuine dispute and facilitate the preparation of the

3  Joint Claim Chart.

4         The parties will then exchange preliminary proposed constructions for each disputed

5  claim term that the parties have collectively identified.  Each party will also provide a

6  preliminary identification of any extrinsic evidence, along with a copy of it, as well as a brief

7  description of any witness' proposed testimony that supports its construction of the claim.  The

8  parties will then meet to narrow the issues and finalize the Joint Claim Chart and Prehearing

9  Statement.

10                      Joint Claim Chart and Prehearing Statement

11        All allegations of infringement and invalidity will be filed with the court in the form of a

12  Prehearing Statement.  After that time, the court will not consider new allegations of

13  infringement or invalidity without the asserting party showing good cause.  A Joint Claim Chart

14  will also be filed, in the format provided in the Sample Joint Claim Chart found at the end of this

15  order.  This Chart will include each party's proposed construction of disputed terms, together

16  with specific references to the relevant portions of the specification and the prosecution history,

17  and descriptions of the extrinsic evidence to be used.  The parties will attach to the Joint Claim

18  Chart copies of all patents in dispute, together with the relevant prosecution history.  These

19  documents need not be resubmitted upon briefing.  The parties will have the complete

20  prosecution history available at the court's request.  In addition, the parties will indicate whether

21  any witnesses are to be called, and if so, their identities.  For expert witnesses, the party calling

22  the expert will provide a summary of the opinion to be offered.

23        The court expects the terms to be truly in dispute, and further expects that the preparation

24  of the Preliminary and Joint Claim Charts will narrow the terms in dispute.  A party is not

25  allowed to propose a construction when the other party is unable to respond without leave of

26

MINUTE ORDER SETTING
TRIAL AND RELATED DATES - 4

1   court (e.g., in a response brief). If a party must propose a new construction, the Joint Claim

2   Chart must be amended to reflect that change. At the time of the hearing, the Joint Claim Chart

3   before the court must reflect the current proposed constructions.

4   <u>Tutorial and Claim Construction Hearing</u>

5        The court or the parties can request that the court have a tutorial on the subject matter of

6   the patent(s) at issue prior to the hearing. In those instances, the court will schedule a tutorial to

7   occur two to four weeks prior to the hearing. The parties, in consultation with the court, will

8   jointly agree to the format of the tutorial, including a summary and explanation of the subject

9   matter at issue. The length of the tutorial will depend upon the subject matter. Visual aids and

10   suggestions for reading material are encouraged.

11        The claim construction hearing will be set for one full trial day (5 hours). If more or less

12   time is required, the parties are instructed to inform Ms. Casey Condon at 206-370-8520.

13        PLEASE NOTE: The court will <u>not</u> rule on dispositive motions that raise issues of claim

14   construction prior to the hearing, unless special circumstances warrant and leave of court is

15   obtained in advance of filing.

16   COOPERATION

17        As required by CR 37(a), all discovery matters are to be resolved by agreement if

18   possible. Counsel are further directed to cooperate in preparing the Joint Claim Chart and final

19   pretrial order in the format required by CR 16.1, except as ordered below.

20   EXHIBITS

21        The original and one copy of any exhibits to be used at the <u>Markman</u> hearing and/or trial

22   are to be delivered to chambers five days before the trial date. Each exhibit shall be clearly

23   marked. Exhibit tags are available in the Clerk's Office. The Court hereby alters the CR 16.1

24   procedure for numbering exhibits: Plaintiff's exhibits shall be numbered consecutively

25   beginning with 1; Defendant's exhibits shall be numbered consecutively beginning with 500.

26

MINUTE ORDER SETTING
TRIAL AND RELATED DATES - 5

1   Duplicate documents shall not be listed twice: once a party has identified an exhibit in the

2   pretrial order, any party may use it.  Each set of exhibits shall be submitted in a three-ring binder

3   with appropriately numbered tabs.

4                                                      SETTLEMENT

5          Should this case settle, counsel shall notify Ms. Casey Condon, the deputy clerk, at

6   206-370-8520, as soon as possible.  Pursuant to GR 3(b), an attorney who fails to give the

7   deputy clerk prompt notice of settlement may be subject to such discipline as the court deems

8   appropriate.

9          Dated this 8th day of June, 2005.

10

11

12

13   JAMES L. ROBART
     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

MINUTE ORDER SETTING
TRIAL AND RELATED DATES - 6

1

2

**Sample Joint Claim Chart**

| Claim Language (Disputed Terms in **Bold**) '123 Patent | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| 1.  A method for mending **fences** [or] **fences** Found in claim numbers: '123 Patent:  y, z '456 Patent: a, b | **fence** Proposed Construction: A structure that keeps things out. Dictionary/Treatise Definitions: Merriam-Webster Dictionary ("a barrier intended to prevent . . .  intrusion"). Intrinsic Evidence: '123 Patent col _:__ ("keeps stray animals out" ); Prosecution History at __ ("this method is more effective than the prior art in reinforcing the fence, and therefore in keeping out unwanted intruders"). Extrinsic Evidence: R. Frost Depo. at xx:xx ("Good fences make good neighbors"); '000 Patent at col _:__; Vila Decl. at ¶__. | **fence** Proposed Construction: A structure that keeps things in. Dictionary/Treatise Definitions: Random House Dictionary ("a barrier enclosing or bordering a field, yard, etc. "). Intrinsic Evidence: '123 Patent col _:__ ("keeps young children from leaving the yard "); Prosecution History at __ ("dilapidated fences meant to pen in cattle are particularly amenable to this method"). Extrinsic Evidence: C. Porter Depo. at xx:xx ("Don't fence me in" );  '111 Patent at col _:__; Thomas Decl. at ¶__. |

(or similar format that provides side-by-side comparison)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MINUTE ORDER SETTING
TRIAL AND RELATED DATES - 7